IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD, DIVISION

| | |
|---|---|
| THOMAS POWERS <br> PLAINTIFF, <br><br> vs. <br> SHARLENE CARAWAY <br> TAMMY TEEL <br> CASSONDRA SIMMONS <br> PAULA LODGE <br> LOUIE SISTO <br> JOHN AND JANE DOE UPON DISCOVERY <br><br> DEFENDANTS | CASE NO: NEW COMPLAINT _____ <br><br> JUDGE PRESIDING: <br> THE HONORABLE _____CH <br><br> "JURY DEMAND" <br><br> PLAINTIFF SEEKS BOTH INJUNCTIVE AND MONETARY RELIEF <br><br> 42 U.S.C. 1983 CIVIL RIGHTS COMPLAINT, WITH ATTACHED MEMORANDUM OF LAW: |

BEFORE ME THE UNDERSIGNED AUTHORITY ON THIS DAY PERSONALLY APPEARED THOMAS POWERS, WHO AFTER BEING DULY SWORN UPON HIS OATH AND UNDER THE PENALTY OF PERJURY IN ACCORDANCE WITH THE LAWS OF THE UNITED STATES OF AMERICA HEREBY DEPOSES AVERS, SWEARS, TESTIFYS, AND STATES AS FOLLOWS:

THIS IS A TRUE AND CORRECT STATEMENT WHICH DID OCCUR, AND I AM WILLING TO TESTIFY IN THIS HONORABLE UNITED STATES DISTRICT COURT UNDER THE PENALTY OF PERJURY TO ALL THE FACTS CONTAINED HEREIN PURSUANT TO 28 U.S.C. 1746, AND BY SIGNATURE THIS I DO HEREBY SWEAR IN THIS VERIFIED COMPLAINT.

/s/ Thomas Powers
THOMAS POWERS
17019 COUNTY FARM ROAD
RUSHVILLE, ILLINOIS 62681
(217) 322-3204

NOTARY PUBLIC

SUBSCRIBED & SWORN TO BEFORE ME
ON THIS ___8___ DAY OF May 2019

Misty D Nieman
NOTARY PUBLIC

OFFICIAL SEAL
MISTY D NIEMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/07/22

## JURISDICTION:

1. THE JURISDICTION OF THIS COURT IS INVOKED PURSUANT TO THE CIVIL RIGHTS ACT 42 U.S.C. 1983 et seq, THE JUDICIAL CODE 28 U.S.C. 1331 AND 1343, AND SUPPLEMENTARY JURISDICTION OF ILLINOIS STATE LAW CLAIMS ARISING OUT OF THE SAME NUCLEUS OF FACTS PURSUANT TO 28 U.S.C. 1367 (a).

2. THIS COURT HAS AUTHORITY PURSUANT TO 2201 AND SECTION 2202 TO PROVIDE APPROPRIATE DECLARTORY RELIEF TO MATTERS WITHIN ITS JURISDICTION, AND ALSO HAS AUTHORITY UNDER 42 U.S.C. 1988 TO AWARD ATTORNEY FEES AND COST TO SUCCESSFUL CIVIL RIGHTS PLAINTIFF'S.

## VENUE:

3. VENUE IS PROPER IN THE CENTRAL DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. 1391 (b)(2) BECAUSE THIS IS WHERE THE CONSTITUTIONAL BREACH OCCURRED.

## PARTIES:

4. THE PLAINTIFF THOMAS POWERS, WAS AT ALL TIMES RELEVANT OF THIS COMPLAINT A CITIZEN OF THE UNITED STATES OF AMERICA, AND AS SUCH IS GUARENTEED ALL THE RIGHTS, PRIVELEGES, IMMUNITIES, AND SAFEGARDS OF THE UNITED STATES CONSTITUTION AND IS ENTITLED TO ITS PROTECTIONS. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES.

5. DEFENDANT SHARLENE CARAWAY WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HER DUTIES WHILE ACTING "UNDER COLOR OF STATE LAW", AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT IS SUED IN HER INDIVIDIUAL CAPACITY FOR MONETARY DAMAGES, AND IS ALSO SUED IN HER OFFICIAL CAPACITY FOR THE PURPOSES OF INJUNCTIVE RELIEF:

6. DEFENDANT TAMMY TEEL WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HER DUTIES WHILE ACTING "UNDER COLOR OF STATE LAW", AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT IS SUED IN HER INDIVIDIUAL CAPACITY FOR MONETARY DAMAGES, AND IS ALSO SUED IN HER OFFICIAL CAPACITY FOR THE PURPOSES OF INJUNCTIVE RELIEF:

7. DEFENDANT CASSANDRA SIMMONS WAS ALL TIMES RELEVANT TO THIS COMPLAINT AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HER DUTIES WHILE ACTING "UNDER COLOR OF STATE LAW", AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT IS SUED IN HER INDIVIDIUAL CAPACITY FOR MONETARY DAMAGES, AND IS ALSO SUED IN HIS OFFICIAL CAPACITY FOR THE PURPOSE OF INJUNCTIVE RELIEF:

8. DEFENDANT LOUIS SISTO, WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HIS DUTIES WHILE ACTING "UNDER COLOR OF STATE LAW", AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT IS SUED IN HER INDIVIDIUAL CAPACITY FOR MONETARY DAMAGES, AND ALSO SUED IN HER OFFICIAL CAPACITY FOR THE PURPOSE OF INJUNCTIVE RELIEF:

9. DEFENDANT PAULA LODGE, WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HER DUTIES WHILE ACTING "UNDER COLOR OF STATE LAW", AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT IS SUED IN HIS INDIVIDIUAL CAPACITY FOR MONETARY DAMAGES, AND ALSO SUED IN HIS OFFICIAL CAPACITY FOR THE PURPOSE OF INJUNCTIVE RELIEF:

10. DEFENDANT JOHN/JANE DOE WAS AT ALL TIMES RELEVANT TO THIS COMPLAINT AN EMPLOYEE OF THE STATE OF ILLINOIS ACTING IN THE COURSE AND SCOPE OF HIS DUTIES WHILE ACTING "UNDER COLOR OF STATE LAW", AND ENGAGING IN THE CONDUCT COMPLAINED OF HEREIN. THIS DEFENDANT IS SUED IN     INDIVIDIUAL CAPACITY FOR MONETARY DAMAGES, AND ALSO SUED IN     OFFICIAL CAPACITY FOR THE PURPOSE OF INJUNCTIVE RELIEF:

11. PLAINTIFF IS NOT A PRISONER. PLAINTIFF IS "CIVILLY" DETAINED SINCE JUNE 2012

12. THE PLAINTIFF IS A CITIZEN OF THE UNITED STATES OF AMERICA AND OF THE STATE OF ILLINOIS. AS SUCH HE IS GUARANTEED THE RIGHTS AND PRIVILEGES AND IMMUNITIES AS ARE AFFORDED HIM BY THE UNITED STATES CONSTITUTION AS WELL AS THE LAWS, STATUTES AND COMMON LAW PROTECTIONS OF THE STATE OF ILLINOIS. AS SUCH, HE CANNOT BE LAWFULLY IMPRISONED UNDER CONDITIONS OF CONFINEMENT THAT PUNISH HIM, WITHOUT DUE PROCESS OF LAW AND WITHOUT BEING CONVICTED OF A CRIME AND SENTENCED BY A COURT TO A PENAL INSTITUTION.

13. THE PLAINTIFF IS HELD BY THE STATE OF ILLINOIS UNDER AN ORDER "June 26, 2012 OF "CIVIL" DETAINMENT FOR "TREATMENT" PURPOSES PURSUANT TO THE ILLINOIS SEXUALLY VIOLENT PERSONS ACT "HEREAFTER", THE "SVPCA" OR "THE ACT". 725 ILCS 207/1 et seq.. AT ALL TIMES RELEVANT TO THIS CIVIL RIGHT ACTION PLAINTIFF HAS BEEN HELD AT THE ILLINOIS DEPARTMENT OF HUMAN SERVICES TREATMENT AND DETENTION FACILITY "HEREAFTER" "IDHS/TDF" LOCATED AT RUSHVILLE ILLINOIS.

14. PLAINTIFF IS A KNOWN LITIGATOR AT THE "TDF" WITH THE DEFENDANTS AND WITH THE CENTRAL DISTRICT COURT OF THE UNITED STATES IN ILLINOIS.

15. PLAINTIFF IS ALSO CONSIDERED A PRE-TRIAL DETAINEE.

16. PLAINTIFF IS ALSO ACTING ON HIS OWN BEHALF IN A "PRO SE" CAPACITY IN RE: "THE DETENTION OF THOMAS POWERS" CASE NO. 12 MR 419 WINNEBAGO COUNTY PURSUANT TO THE "SVPCA" 725 ILCS 207/1 et sq.

17. PLAINTIFF CONSENTED TO TREATMENT IN OCTOBER OF 2012 AND WAS DIAGNOSED AT THAT TIME WITH PARAPHILIA NOT OTHERWISE SPECIFIED "NONCONSENT". THE DIAGNOSIS CHANGED WITH THE UPDATED DIAGNOSTICAL STATISICAL MANUEL "FIVE" HEREAFTER "DSM-V" TO THE DIAGNOSIS OF OTHER SPECIFIED PARAPHILIC DISORDER "NONCONSENT", HEREAFTER "OSPD" NONCONSENT".

18. PLAINTIFF HAS NEVER RECIEVED TREATMENT FOR HIS DIAGNOSIS OF "OSPD" NONCONSENT" SINCE HIS ARRIVAL AT THE "IDHS/TDF".

19. THE PLAINTIFF'S DIAGNOSIS OF "OSPD" NONCONSENT" REQUIRES TREATMENT YET THE DEFENDANTS OF PAULA LODGE, TAMMY TEEL, CASSONDRA SIMMONS, SHARLENE CARAWAY AND LOUIE SISTO ALONG WITH JOHN AND JANE DOES HAVE DENIED THE PLAINTIFF MENTAL HEALTH TREATMENT.

20. THIS DENIAL OF TREATMENT IS A DEPARTURE OF PROFESSIONAL JUDGEMENT WHICH AMOUNTS PUNISHMENT IN VIOLATION OF THE PLAINTIFF DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

### AMENDMENT "XIV"

SECTION ONE: ALL PERSONS OR NATURALIZED IN THE UNITED STATES AND SUBJECT TO THE JURISDICTION THEREOF ARE CITIZENS OF THE UNITED STATES AND OF THE STATE WHEREIN THEY RESIDE. NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABIDE THE PRIVILEGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES; NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY WITHOUT DUE PROCESS OF LAW; NOR DENY TO ANY PERSON WITHIN ITS' JURISDICTION THE EQUAL PROTECTION OF THE LAWS.

21. THE PLAINTIFF IS A PRE-TRIAL CIVIL DETAINEE. PRE-TRIAL DETAINEES STAND IN A DIFFERENT POSITION THAN CONVICTED INMATE. THEY HAVE NOT

BEEN CONVICTED OF ANYTHING AND THEY ARE STILL ENTITLED TO THE CONSTITUTIONAL PRESUMPTION OF INNOCENSE THUS THE PUNISHMENT MODEL IS INAPPROPRIATE FURTHER. SEE MIRANDA VS. COUNTY OF LAKE, 900 F3d 335 "7th CIR".

22. THE PLAINTIFF'S PROLONG DETAINMENT "SEVEN YEARS" INCARCERATION IS PUNISHMENT, IN VIOLATION OF THE PLAINTIFF'S FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

23. THE PUNITIVE NATURE OF THE SANCTION HERE IS EVIDENT UNDER TEST TRADITIONALLY APPLIED TO DETERMINE AN ACT OF CONGRESS IS PENAL OBJECTIVE OR REGULATORY IN CHARACTER EVEN THOUGH IN OTHER CASES THIS PROBLEM HAS BEEN EXTREMELY DIFFICULT AND IN NEED OF SOLUTION. THESE FACTORS--1) WHETHER THE SANCTION INVOLVES ON AFFIRMITIVE DISABILITY OR RESTRAINT; WHETHER IT HAS HISTORICALLY BEEN REGARDED AS PUNISHMENT, WHETHER IT COMES INTO PLAY ONLY ON FINDING OF SCIENTER, WHETHER ITS' OPERATION WILL PROMOTE THE TRADITIONAL AIMS PUNISHMENT RETRIBUTION OR DETERMINE WHETHER THE BEHAVIOR TO WHICH IT APPLIES IS ALREADY A CRIME; WHETHER AN ALTERNATIVE PURPOSE TO WHICH IT MAY RATIONALE BE CONNECTED TO ASSIGNABLE FOR IT, WHETHER IT APPEARS EXCESSIVE IN RELATION TO THE ALTERNATIVE PURPOSE ASSIGNED SEE: KENNEDY VS MEDOZA-MARTINEZ 372 U.S 144 at 168

24. DEFINE "PUNISHMENT"-A SANCTION-SUCH AS A FINE, PENALTY CONFINEMENT OR LOSS OF PROPERTY, RIGHT OR PRIVILEGE ASSESSED AGAINST A PERSON WHO HAS VIOLATED THE LAW. "PUNISHMENT" IN ALL ITS' FORMS IS A LOSS OF RIGHTS OR ADVANTAGES CONSEQUENT ON A BREACH OF LAW. WHEN IT LOSES THIS QUALITY IT DEGENERATES INTO AN ARBITRARY ACT OF VIOLENCE THAT CAN PRODUCE NOTHING BUT BAD SOCIAL EFFECTS." GLANVILLE WILLIAMS, CRIMINAL LAW, THE GENERAL PART 575 "2nd ed 1961".

25. THE LAW IS CLEAR ONLY IF IT IS FIRST MADE CLEAR IN WHAT SENSE THE WORD "TREATMENT" IS BEING USED. THE WORD CAN BE USED IN TWO SENSES. THE OBJECT OF A CRIMINAL SENTENCE IS TO IMPOSE PUNISHMENT, NOT FOR "TREATMENT FOR A MENTAL DISORDER OR EVEN FOR CRIME CAUSED BY A MENTAL DISORDER.

26. QUITE SIMPLY THE DEFENDANTS ARE NOT TREATING THE PLANITFF FOR THE DIAGNOSIS OF OTHER SPECIFIED PARAPHILIC DISORDER "NONCONSENT" AND THIS PROLONGED DETAINMENT "INCARCERATION" IS ACTUALLY DAMAGING THE PLAINTIFF EMOTIONALLY SPIRITUALLY AND PHYSICALLY DIRECTLY RELATED TO THE CARE, CUSTODY AND TREATMENT PURSUANT TO THE "SVPCA" 725 ILCS 207/1 et seq.

"COUNT ONE"

THE PLAINTIFF IS A PRE-TRIAL DETAINEE WHERE THE DEFENDANTS'
"SOLE" PURPOSES IS TO "PUNISH" THE PLAINTIFF IN VIOLATION
OF THE PLAINTIFF'S DUE PROCESS OF LAW OF THE
FOURTEENTH AMENDMENT OF TH EUNITED STATES CONSTITUTION

PLAINTIFF REALLEGES PARAGRAPHS ONE THROUGH TWENTY-SIX.

27. THE DEFENDANTS LODGE, SIMMONS, TEEL, SISTO, CARAWAY HAVE FAILED TO PROVIDE THE PLAINTIFF WITH ADEQUATE TREATMENT FOR HIS DIAGNOSIS OF "OSPD" "NONCONSENT"".

28. THE DEFENDANTS INTEREST IS JUST TO PROLONG THE PLAINTIFF'S DETAINMENT WHICH AMOUNTS TO "PUNISHMENT". THIS SANCTION INVOLVES AN AFFIRMATIVE DISABILITY AND RESTRAINT.

29. PER STATE EVALUATORS IT IS NOW STATED THAT "SEX OFFENDER SPECIFIC

--5--

TREATMENT" IS PHASE THREE POST DISCLOSURE WHERE A RESIDENT WORKS ON THE "WHY" HE COMMITTED SEX OFFENSES.

30. THE "SVP" COURTS ONLY PHASE THREE POST DISCLOSURE IS SEX OFFENDER SPECIFIC TREATMENT.

31. THE TREATMENT IS A SHAM.

32. A PARAPHILIA IS A RECURRENT INTENSE SEXUAL URGES FANTASIES AND BEHAVIORS.

33. THE DEFENDANTS HAVE FAILED TO PERFORM A CURRENT RISK ASSESSMENT EVALUATION ON THE PLAINTIFF TO SEE IF THE PLAINTIFF IS PRESENTLY CONSIDERED SEXUALLY DANGEROUS. THIS YEARLY EVALUATION WAS LAST CONDUCTED IN THE YEAR "2014".

34. THE DEFENDANTS CONTINOUS DENIAL OF ADEQUATE TREATMENT DEPRIVING THE PLAINTIFF HIS LIBERTY INTERESTS HAVE CAUSED THE PLAINTIFF SEVERE INFLICTIONS OF HOPLESSNESS AND EMOTIONAL INFLICTION OF DISTRESS.WHICH IS CONTINOUS "PUNISHMENT". A DEPARTURE OF PROFESSIONAL JUDGEMENT.

35. PLAINTIFF IS NOW SIXTY-YEARS OLD.

36. DEFENDANT PAULA LODGE IS THE PLAINTIFF "BLUE" TEAM LEADER. TAMMY TEEL WAS THE PLAINTIFF'S PRIMARY THERAPIST. CASSANDRA SIMMONS WAS THE PLAINTIFF'S FACILIATOR. LOUIE SISTO IS THE PLAINTIFF'S PRIMARY THERAPIST PRESENTLY AND SHARLENE CARAWAY FORMER BLUE TEAM LEADER NOW ASSISTANT CLINICAL DIRECTOR.

37. BOTH SHARLENE CARAWAY AND PAULA LODGE SERVE ON THE "BEHAVIOR" COMMITTEE AND CARAWAY HAS PERSONALLY SERVED ON THE PLAINTIFF LAST FOUR BEHAVIOR COMMITTEES

38. THE "IDHS/TDF" IS SUPPOSED TO BE ABOUT SEX OFFENDER SPECIFIC TREATMENT OF THE UNIQUE "SEX OFFENDER" WHO HAS BEEN DIAGNOSED WITH A "MENTAL DISORDER" TO BE HELD PAST THEIR ILLINOIS DEPARTMENT OF CORRECTIONS JUDICIALLY ORDERED SENTENCE OUTDATE.

39. THE DETAINMENT OF THE PLAINTIFF IS ONLY "CONSTITUTIONAL" BASED ON THE PLAINTIFF IS PROVIDED TREATMENT FOR THE MENTAL DISORDER OF OTHER SPECIFIED PARAPHILIC DISORDER "NONCONSENT".

40. TREATMENT TASKS ARE APART OF THE TREATMENT OBJECTIVE MODEL. TREATMENT TASKS ARE THOSE SUCH AS DIETARY WORKERS,CAR WASHERS,JANITORIAL DUTIES, STORE CLERKS, MAINTANCE WORKERS "PLUMBING AND GENERAL MAINTANCE OF THE FACILITY". THESE TASKS ARE TO PREPARE A RESIDENT TO PERFORM THESE DUTIES IN THE FREE WORLD.THE "IDHS/TDF RECEIVES GRANT MONEY FOR THESE PROGRAMS. PLAINTIFF IS ONE OF THE MOST QUALIFIED FOR ALL OF THESE TREATMENT TASKS DUE TO HIS EXPERIENCE IN THE WORLD AND PRISON SYSTEM.YET DENIED BECAUSE OF LAWSUITS AND GRIEVANCES. THE DEFENDANTS ARE FURTHER PUNISHING PLAINTIFF.

41. DEFENDANT LODGE SERVES ON THE ROOMING COMMITTEE.SHARLENE CARAWAY IS ALSO ACTING ON ROOMING COMMITTEE AND BEHAVIOR COMMITTEE.

42. IN THE MATTER OF "POWERS VS BLOCK" CASE NO 15-4083 THE COURT DID NOT LOOK AT THE FACT THAT THE PLAINTIFF WAS DENIED TREATMENT WHICH AMOUNTS "PUNISHMENT"AND NOT LOOKING AT "OBJECTIVE REASONABLENESS" STANDARD SUGGESTED THAT THIS STANDARD APPLIES TO ALL TYPES OF FOURTEENTH AMENDMENT CLAIMS BY PRE-TRIAL DETAINEES. MIRANDA VS. COUNTY OF LAKE,900 F3d 335,352 "7thCIR". AND THE KINGSLEY VS HENDRICKSON 135 SCt. 2466 STANDARD ON MEDICAL CLAIMS.

-6-

43. PRE-TRIAL DETAINEES CANNOT NOT BE PUNISHED AT ALL MUCH LESS "MALICIOUSLY AND SADISTICALLY". SEE WILSON VS SEITER 501 US 294,303, 111 SCt. 2321. see INGRAHAM VS. WRIGHT 430 US 651,671-671, 97 SCt. 1401. THAT DOES NOT APPLY TO PRISONERS.

44. PLAINTIFF HAS BEEN PUNISHED IN THIS LAST TWO YEARS DENYING THE PLAINTIFF TREATMENT OF HIS DIAGNOSIS OF OTHER SPECIFIED PARAPHILIC DISORDER"NONCONSENT". DENIAL OF DUE PROCESS ON BEHAVIOR REPORTS. PLAINTIFF HAS BEEN CONINOUSLY HARMED BY NO TREATMENT AND DENIAL OF DUE PROCESS, SINCE 2012.

45. DR. KIMBERLY WEITL IN HER LAST SEX OFFENDER EVALUATION WHICH HAPPENS TO BE MARCH OF 2014. DR. WEITL USED IN HER DSM-5 2014 UPDATE ON PAGE 7 OF 17/ SIXTH PARAGRAPH "UNDER ADJUSTMENT AND TREATMENT/DHS-TDF" WEITL STATES "ATTEMPTS TO CONTROL INTERVIEWS AND BREAKS BOUNDARIES BY ASKING INAPPROPRIATE QUESTIONS OF THE THERAPISTS. HE WAS ALSO NOTED TO HAVE BEEN TAKING NOTES AND HAS BEEN HAVING "DIFFICULTIES WITH HIS PEERS" IN THAT OTHER RESIDENTS HAD COMPLAINED ABOUT MR. POWERS ISSUE OF ENTITLEMENT AND THAT HE IS DEMANDING". WEITL NOTED THE PLAINTIFF'S FIRST BEHAVIOR REPORTS BACK IN ; JULY 11.2012: "WARNING" FOR STAFF MANIPULATION" PLAINTIFF HAS ATTEMPTED TO CIRCUMVENT RULES BY SPLITTING STAFF. PLAINTIFF ATTEMPTED TO ACCUSE THE PHYSICIAN FOR DENYING HIM TREATMENT. WHEN IN FACT MR. POWERS HAD BEEN SEEN BY THE PHYSICIAN". THIS IS JUST ONE OF MANY.

46. THE SIMPLE FACT THAT THE PLAINTIFF RECIEVED A BEHAVIOR REPORT SUCH AS THIS AND WITHOUT "DUE PROCESS" ENDS UP IN THE STATE EVALUATION TO POTENTIALLY DENY HIS LIBERTY FOR THE REST OF HIS NATURAL LIFE INVOKES THE "DUE PROCESS CLAUSE" OF THE FOURTEENTH AMENDMENT. SEE WOLFF VS. McDONNELL 418 US 539,94 SCt. 2963. THIS IS NOT JUST TYPICAL HARDSHIP BUT LIFE COMMITMENT.

47. THE ONGOING RETALIATION BY THESE DEFENDANTS WITH THIS PROCESS OF "NO-NAME" ON THE BEHAVIOR REPORT IN ADDITION TO BEHAVIOR COMMITTEE IS SET UP "TO PUNISH" THE PLAINTIFF BY SEGREATION, DEPRIVING PROPERTY AND OF COURSE SUBMITTING THESE BEHAVIOR REPORTS TO STATE EVALUATORS. THIS IS THEN EVIDENCE TO SUPPORT AN "ANTI-SOCIAL PERSONALITY DISORDER" WHERE THE BEHAVIOR REPORTS ARE JUST MISCHARACTERIZED.

48. FOR EXAMPLE THE JULY 11, 2012. THE PLAINTIFF WAS ASKING FOR HIS "LEGAL MATERIAL" AFTER DEPRIVING THE PLAINTIFF HIS PROPERTY FOR "EIGHT" DAYS UPON HIS ARRIVAL FROM THE ILLINOIS DEPARTMENT OF CORRECTIONS.

49. THE INAPPROPRIATENESS WITH A THERAPIST WAS FROM THE VERY FIRST DAY "I ASK THE THERAPIST IF SHE BELIEVED IN GOD". THAT IS THE PLAINTIFF'S TENET OF HIS RELIGION NOT TO BE "YOKED" WITH UNBELIEVERS.

50. OBJECTIVELY SPEAKING NO TREATMENT/ONLY PUNISHMENT EQUALS "PRISON" AND FURTHER INCARCERATION POTENTIALLY "NATURAL LIFE".

51. THE PLAINTIFF HAS AT LEAST TWENTY-FIVE BEHAVIOR REPORTS MOSTLY ALL REVOLVE AROUND LEGAL ACCESS/OR RETALIATION FOR THE PLAINTIFF IN THE LAST SEVEN YEARS; AT LEAST "TEN" IN THE LAST TWO YEARS.

52. THE "YOUNGBERG VS ROMEO" STANDARD 457 US 307,324, WHICH AFFORDS PROFESSIONALS A PRESUMPTION OF CORRECTNESS IN THEIR DECISIONS RELATING TO "CONDITIONS OF CONFINEMENT". "YOUNGBERG" WAS DECIDED IN CONTEXT OF THE SUBSTANTIVE DUE PROCESS RIGHTS OF THE CIVILLY COMMITED AND THE SUPREME COURT DID NOT HOLD SUCH RIGHTS WERE APPLIED TO "PRETRIAL DETAINEE".

53. IN THE MATTER OF BELL VS WOLFISH 441 US at 538,99 SCt 1861, THE "BELL" COURT'S FOCUS ON "PUNISHMENT" DOES NOT MEAN THAT PROOF OF INTENT "OR MOTIVE" TO PUNISH IS REQUIRED FOR A PRETRIAL DETAINEE TO PREVAIL ON CLAIM THAT HIS DUE PROCESS RIGHTS WERE VIOLATED. RATHER, AS "BELL", ITSELF SHOWS "AND AS OUR LATER PRECEDENT AFFIRMS" A PRETRIAL DETAINEE CAN PREVAIL BY PROVIDING ON "OBJECTIVE" EVIDENCE THAT THE CHALLENGED GOVERNMENT ACTION IS NOT RELATIONALLY RELATED TO A LEGITIMATE GOVERNMENTAL OBJECTIVE OR THAT IT IS EXCESSIVE IN RELATION TO THAT PURPOSE. SEE: KINGSLEY VS. HENDRICKSON". 192 Led 2d 416, 135 Sct. 2466.

54. WHAT CONSTITUTES A "SUFFICIENTLY CUPABLE STATE OF MIND" HAS BEEN IN FLUX SINCE KINGSLEY VS. HENDRICKSON 135 SCt. 2466, 2470, 192 LEd 416, IN WHICH THE U.S. SUPREME COURT STATED ON INADEQUATED MEDICAL CLAIMS. COURT APPLIED "OBJECTIVE" UNREASONABLE STANDARD RATHER THEN THE EIGHTH AMENDMENT "DELIBERATE INDIFFERENCE" STANDARD APPLIED TO CONVICTED PRISONERS. THE SEVENTH CIRCUIT EXPLICITLY ADOPTED "OBJECTIVE" REASONABLENESS STANDARD SUGGESTED THAT THIS STANDARD APPLIES TO ALL TYPES OF FOURTEENTH AMENDMENT CLAIMS BY PRETRIAL DETAINEES. MIRANDA VS. COUNTY OF LAKE 900 F3d 335,352, "7th CIR."

55. THE PLAINTIFF HAS BEEN CONTINOUSLY DENIED MENTAL HEALTH TREATMENT FOR HIS DISORDER OF OTHER SPECIFIED PARAPHILIC DISORDER "NONCONSENT" BY THE DEFENDANTS.

56. WHEREFORE THE DEFENDANTS PAULA LODGE, TAMMY TEEL, CASSANDRA SIMMONS, LOUIE SISTO, SHARLENE CARAWAY AND JOHN OR JANE DOE UPON DISCOVERY HAVE VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHT TO DUE PROCESS BY THEIR CONTINOUS AND SOLE PURPOSE TO "PUNISH" THE PLAINTIFF A PRETRIAL DETAINEE IN VIOLATION FO THE FOURTEENTH AMENDMENT OF UNITED STATES CONSTITUTION.

"COUNT TWO"
DEFENDANTS LODGE, TEEL, SIMMONS, SISTO, CARAWAY
AND JOHN AND JANE DOES UPON DISCOVERY REFUSE TO
ALLOW THE PLAINTIFF TO PROGRESS IN TREATMENT UNLESS PLAINTIFF
ADMITS TO THE ALLEGED FACTS IN POLICE REPORTS, STATEMENT OF FACTS
EVEN MADE UP MISCONDUCT FROM THE PAST BEFORE THE PLAINTIFF CAN
PROGRESS IN TREATMENT IN VIOLATION
OF THE PLAINTIFF'S FIFTH AND FOURTENTH AMENDMENTS OF THE
UNITED STATES CONSTITUTION

PLAINTIFF REALLEGES PARAGRAPHS ONE THROUGH FIFTY-SIX

57. IN THE MATTER OF LACY VS. BUTTS, 2019 WL 1858276 APRIL 25, 2019. "7th CIR. COURT OF APPEALS "ADMIT THEIR MISCONDUCT AS PART OF PLAN OF THERAPY VIOLATED HIS RIGHT AGAINST SELF-INCRIMINATION"

THE COURT OF APPEALS, WOOD, CHIEF JUDGE;
1). RISK OF SELF INCRIMINATION THAT FLOWED FROM INMATE'S PARTICIPATION IN PROGRAM WAS REAL AND APPECIABLE;

2). ADVERSE CONSEQUENCES THAT INMATE FACED FOR REFUSING TO MAKE ADMISSIONS REQUIRED FOR PARTICIPATION IN PROGRAM WERE SUFFICIENTLY SEVERE TO AMOUNT TO COMPELLED SELF-INCRIMINATION AND;

3). HABEAS PETITION RATHER THAN 1983 ACTION, WAS APPROPRIATE VECHICLE FOR INMATE TO CHALLENGE PROGRAM VIOLATION OF RIGHT AGAINST SELF-INCRIMINATION PART MUST DEMOSTRATE THAT DISCLOSURES TO WHICH HE OBJECTS ARE 1). TESTIMONIAL 2). INCRIMINATING AND 3). COMPELLED.

58. LODGE, TEEL, SIMMONS SISTO AND CARAWAY ALONG WITH JOHN AND JANE DOES UPON DISCOVERY VIOLATING THE PLAINTIFF'S FIFTH AMENDMENT OF SELF INCRIMINATION BY COMPELLING THE PLAINTIFF "THAT THE PLAINTIFF'S VERSION "OFFENSE DESCRIPTION" MUST MEET THE STATE ATTORNEY'S STATEMENT OF FACTS ALONG WITH THE COMPLAINING POLICE REPORTS AND THE DETECTIVES OF THE ROCKFORD POLICE REPORTS OTHERWISE THE PLAINTIFF WILL NEVER PROGRESS IN TREATMENT. THESE POLICE REPORTS COME FROM THE PLAINTIFF'S CASE OF <u>THE PEOPLE OF THE STATE OF ILLINOIS VS THOMAS POWERS CASE NO 00-369 WINNEBAGO COUNTY.</u>

59. THE PLAINTIFF HAS COMPLETELY SERVED THIS JUDICIALLY ORDERED SENTENCE IN "PEOPLE VS POWERS 00-369 IN WHICH THE PLAINTIFF WAS CONVICTED BY A JURY AND SENTENCED TO TWENTY-FIVE YEARS.

60. THE DEFENDANTS WANT THE PLAINTIFF TO TESTIFY TO COMPEL THE PLAINTIFF TO INCRIMINATE HIMSELF.

61. THE PLAINTIFF PLEAD "NOT GUILTY" TO THE CHARGE OF "ATTEMPT" AGGRAVATED CRIMINAL SEXUAL ASSAULT. THE PLAINTIFF TOOK THE WITNESS STAND IN THE MATTER OF "THE PEOPLE VS.POWERS" CASE NO. 00-369. PLAINTIFF TESTIFIED TO THE TRUTH.

62. THE DEFENDANTS ARE ATTEMPTING TO RETRY THE PLAINTIFF'S CRIMINAL CASE IN EITHER RECHARGE THE PLAINTIFF OR STATING"THE PLAINTIFF PERJURED HIMSELF THREATENING THE PLAINTIFF WILL NEVER COMPLETE THIS PROGRAM. NEVER PASS THE POLYGRAPH THAT THEY SHOULD SEND THE PLAINTIFF BACK TO PRISON," "TELLING THE PLAINTIFF "DON'T WORRY A POLYGRAPH WILL PROVE YOU LIED AND WHATEVER QUESTIONS YOU WILL BE ASKED WILL SHOW YOU LIED".

63. THE PLAINTIFF WAS CHARGED WITH AN "ATTEMPT" BUT DEFENDNAT TEEL STATED "YOU PENETRATED THAT WOMAN". THAT WOULD NOT BE AN ATTEMPT AND OPEN THE DOOR TO BE RETRIED".

64. THE PLAINTIFF HAS ACCEPTED RESPONSIBILITY FOR HIS PAST ACTIONS AND SHOULD NOT BE FORCED TO PERJURY HIMSELF TO PROGRESS TO COMPLETE TREATMENT.

65. THERE IS A RISK OF SELF INCRIMINATION DENYING THE PLAINTIFF SEX OFFENDER SPECIFIC TREATMENT FOR THE PLAINTIFF UNLESS HE PERJURIES HIM-- SELF.

66. THE FIFTH AMENDMENT PROTECTS AGAINST ANY DISCLOSURES THAT WITNESS "PLAINTIFF" REASONABLY BELIEVES COULD BE USED IN CRIMINAL PROSECUTION OR COULD LEAD TO OTHER EVIDENCE THAT MIGHT BE USED IN VIOLATION OF THE PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT.

67. THE TOUCHSTONE OF THE FIFTH AMENDMENT IS COMPULSION. PLAINTIFF IS COMPELLED UNDER THE FIFTH AMENDMENT AS SOON AS THE GOVERNMENT THREATENS HIM WITH SUBSTANIAL PENALTY AND INVOKES NOT TO ANSWER QUESTIONS "EVEN CIVIL" TO INCRINIMATE FUTURE PROCEEDING.

68. THE FACT THAT THE DEFENDANTS WANT ME TO LIE TO ADVANCE IN TREATMENT POSSIBLY FACING NEW CHARGES OF PERJURY OR ANOTHER CRIMINAL TRIAL IS IS A DEPARTURE OF PROFESSIONAL JUDGEMENT. THERE ARE NO GUARANTEES THAT THE DEFENDANTS WILL NOT SEEK PROSECUTION. ALL THE INFORMATION IS TURNED OVER THE ATTORNEY GENERAL OF THE STATE OF ILLINOIS. THERE IS NO GUARANTEE OF TREATMENT PROGRESSION.

69. ON OCTOBER 12, 2018 DEFENDANTS SIMMONS AND TEEL STATED THAT THE PLAINTIFF MUST ADMIT TO THE POLICE REPORTS OF FEBRUARY 15, 2000 OF THE COMPLAINING WITNESS IN THE MATTER OF PEOPLE VS POWERS CASE NO 00-369 WINNEBAGO COUNTY.

70. SIMMONS EXACT WORDS "YOU ADMIT TO THIS" "DON'T FUCK WITH ME" AND "I WILL GO TOE-TO-TOE WITH YOU". THERE WAS AT LEAST TEN RESIDENTS THAT HEARD THIS. DEFENDANT TEEL RIGHT THERE SAYING "YOU WILL NEVER ADVANCE" IT WAS THE MOST UNETHICAL PERFORMANCE BY ANY THERAPISTS I HAVE EVER WITNESSED. I FELT PHYSICALLY THREATENED.

71. SINCE THAT TIME I HAVE PERSONALLY SPOKE WITH FOUR OF THE RESIDENTS ABOUT THAT INCIDENT. AT THIS TIME ONLY ONE IS WILLING TO COME FORWARD THE OTHER THREE ARE CONCERNED ABOUT RETALIATION SEEING WHAT HAPPENED TO ME. I HAVE NOT SPOKE WITH THE OTHER SIX RESIDENTS.

72. THIS COURT MUST CONSIDER APPOINTMENT OF COUNSEL TO INTERVIEW THESE WITNESSES. THEY ARE ALL CONCERNED ABOUT RETALIATION BY THE DEFENDANTS. THIS IS WHAT THE DEFENDANTS DO. PARTICURILY BY PAULA LODGE AND SHARLENE CARAWAY. THEY BOTH HAVE THE AUTHORITY TO MAKE ANY RESIDENT EVEN STAFF'S LIFE DIFFICULT HERE AT THE "IDHS/TDF".

73. POLICE REPORTS MAY BE USED FOR IMPEACHMENT OR REFRESHING WITNESS RECOLLECTION, POLICE REPORTS ARE INADMISSIBLE HEARSAY NOT SUBJECTED TO ANY RECOGNIZED EXCEPTION TO HEARSAY RULE. PEOPLE VS WILLIAMS 240 Ill App. 3d 505, 608 NE 2d 510; POLICE REPORTS ARE USUALLY NOT ADMISSIBLE SINCE THEY ARE PRODUCT OF SECOND-HAND KNOWLEDGE HENCE HEARSAY. PEOPLE VS GARRET, 216 Ill. App 3d 348, 357, 159 Ill. Dec 662, 669.

74. TEEL AND SIMMONS READ OUT LOUD THE ROCKFORD POLICE REPORTS OF WHAT THE COMPLAINING WITNESS STATED IN THE MATTER OF PEOPLE VS POWERS 00-369 WINNEBAGO COUNTY. I PLEAD "NOT GUILTY" TO THE CHARGE OF "ATTEMPTED" AGGRAVATED CRIMINAL SEXUAL ASSAULT AND COMPLETED THE TWENTY FIVE YEAR SENTENCE. NOW TEEL AND SIMMONS WANT ME TO CHANGE MY SWORN TESTIMONY UNDER OATH IN THIS MATTER CHANGING THE PLEADING TO GUILTY TO ADVANCE IN TREATMENT.

75. THE ROCKFORD POLICE REPORTS (ANY) IN THE MATTER OF PEOPLE VS POWERS CASE NO. 00-369 WINNEBAGO COUNTY ARE CONSIDERED "HEARSAY". THE AMERICAN PSYCHIATRIC ASSOCIATION (APA) STATES IT IS UNETHICAL TO USE HEARSAY MATERIAL IN TREATMENT.

76. TEEL AND SIMMONS ARE GUILTY OF DEPARTURE OF PROFESSIONAL JUDGEMENT AND IT GOES BEYOND PROFESSIONAL JUDGEMENT WHEN A THERAPIST THREATENS A PATIENT PHYSICAL AND MENTALLY. TRUST IS LOST. THE MOST VALUABLE FEELING THE PLAINTIFF SHOULD FEEL BETWEEN HIMSELF AND THE DEFENDANTS INSTEAD OF FEELING WHETHER THE THERAPISTS ARE GOING TO CONTINUE TO LIE OR PHYSICALLY ASSAULT HIM.

77. IN THE MATTER OF RE: SAMUELSON: THE ILLINOIS SUPREME COURT STATED THAT "PAST CONDUCT" CANNOT DICTATE WHETHER THE PLAINTIFF HAS A MENTAL DISORDER.

78. THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT APPOINTED IN THE MATTER OF HARGETT VS. ADAMS THE EXPERT DR. FRED BERLIN FROM JOHN HOPKINS THE FOUNDER OF THE SEXUAL DISORDER TRAUMA CLINIC. DR. BERLIN STATED THAT BRINGING UP PAST CONDUCT SHOULD NOT BE USED IN DETERMINING WHAT THE PATIENT IS SEXUALLY AROUSED TO. IN ADDITON THE "TDF" PROGRAM SHOULD BE COMPLETED WITHIN THREE (3) YEARS AGREEING WITH THE AMERICAN PSYCHRIATRIC ASSOCIATION IN KANSAS VS HENDRICKS THE TREATMENT SHOULD BE 24 to 32 MONTHS.

79. THE TREATMENT SHOULD BE TARGETED TOWARD THE DIAGNOSIS IN THE PLAINTIFF CASE OTHER SPECIFIED PARAPHILIC DISORDER "NONCONSENT". (OSPD "NONCONSENT)

80. THE POLYGRAPH SEXUAL HISTORY THIRTY-PAGE QUESTIONAIRE IS PRESENTED BY THE DEFENDANTS AND THEN TURNED OVER TO THE ATTORNEY GENERAL OF THE STATE OF ILLINOIS. THE QUESTIONAIRE MUST BE FILLED OUT REGARDLESS OF WHETHER THE PLAINTIFF WAS EVER CHARGED FOR THOSE OFFENSES. EVEN ALL SEXUAL CONTACT WITH SPOUSES AND CONSENTUAL GIRLFRIENDS.

81. THE ADVERSE CONSEQUENCES THAT ARE FACED FOR REFUSING TO MAKE ADMISSIONS REQUIRED TO PARTICIPATE IN THE IDHS/TDF SEX OFFENDER PROGRAM.

82. FOR THE PLAINTIFF DENIAL OF TREATMENT PUT IN "POWERS-TO-CHANGE FOR MONTHS TO YEARS UNTIL THE PLAINTIFF COMPLIES.

83. TWO ISSUES NEED TO BE ADDRESSED THAT NEED TO BE DECIDED WHETHER THE PROGRAM CALLS FOR INCRIMINATING INFORMATION AND IF SO, WHETHER PARTICIPATION IS COMPELLED AS THAT TERM IS USED IN THE SUPREME COURT'S FIFTH AMENDMENT JURISPRUDENCE.

84. WHEREFORE THE DEFENDANTS LODGE, TEEL, SIMMONS, SISTO, CARAWAY AND JOHN AND JANE DOE UPON DISCOVERY HAVE VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHT TO THE PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT FOR THE "SOLE" PURPOSE TO PUNISH THE PLAINTIFF A PRE-TRIAL DETAINEE.

"COUNT THREE"

DEFENDANTS HAVE RETALIATED AGAINST THE PLAINTIFF BY DENYING TREATMENT FOR HIS DIAGNOSIS AND HAVE INTERFERRED WITH THE PLAINTIFF'S RIGHT TO PRACTICE HIS RELIGION FREELY ALL BECAUSE THE PLAINTIFF IS A LITIGATION WRITER AND SOLE PURPOSE TO PUNISH THE PLAINTIFF IN VIOLATION OF THE PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

PLAINTIFF REALLEGES PARAGRAPHS ONE THROUGH EIGHTY-FOUR.

85. THE ESTABLISHMENT OF RELIGION CLAUSE OF THE FIRST AMENDMENT MEANS AT LEAST THIS. NEITHER STATE NOR FEDERAL GOVERNMENT CAN SET UP A CHURCH. NEITHER CAN PASS LAWS WHICH AID ONE RELIGION, AID ALL RELIGIONS OR PREFER ONE RELIGION OVER ANOTHER. NEITHER CAN FORCE NOR INFLUENCE A PERSON TO GO TO OR TO REMAIN AWAY FROM CHURCH AGAINST HIS WILL OR FORCE HIM TO PROFESS A BELIEF OR DISBELIEF IN ANY RELIGION. NO PERSON CAN BE PUNISHED FOR ENTERTAINING OR PROFESSING RELIGIOUS BELIEFS OR DISBELIEFS FOR CHURCH ATTENDANCE OR NON ATTENDANCE IN THE WORDS OF "THOMAS JEFFERSON" THE CLAUSE AGAINST ESTABLISHMENT OF RELIGION BY LAW WAS INTENDED TO ERRECT A WALL OF SEPARATION BETWEEN CHURCH AND STATE." REYNOLDS-VS-UNITED-STATES 25 Led 244.

86. SEX OFFENDER SPECIFIC TREATMENT- IS THAT THE CURE FOR THE MENTAL DISORDER OF OTHER SPECIFIED PARAPHILIC DISORDER "NONCONSENT". OBJECTIVELY IF THE PLAINTIFF IS NOT RECEIVING SEX OFFENDER SPECIFIC TREATMENT FOR THE DIAGNOSIS OF OTHER SPECIFIED PARAPHILIC DISORDER "NONCONSENT" THEN HOW CAN THE PLAINTIFF BE CURED? SIMPLY HE CAN NOT!

87. THE DEFENDANTS BELIEVE A DENIAL OF TREATMENT FOR "OSPD/"NONCONSENT" PUNISH THE PLAINTIFF CREATE AN ANTI-SOCIAL PERSONALITY DISORDER. WRITE

BEHAVIOR REPORTS. DEPRIVE PLAINTIFF'S PROPERTY. PUNISH THE PLAINTIFF BECAUSE HE HAS FILED THIS LAWSUIT. THEN GO AFTER THE CHURCH THE PLAINTIFF STARTED HERE IN DECEMBER OF 2013 THAT IS THE TREATMENT THE DEFENDANTS OFFER. CERTAINLY THE PLAINTIFF IS GETTING "TREATED" AS A MARK.

88. THE PLAINTIFF HAS FILED NUMEROUS CIVIL RIGHTS COMPLAINTS IN REFERENCE TO THE "TDF" CONDITIONS. THE FOOD AND THE INADEQUATE TREATMENT. AMONG OTHERS , BY DOING SO THE PLAINTIFF HAS BEEN TARGETED PARTICULARILY BY THE DEFENDANTS. PLAINTIFF IS ALSO WORKING ON HIS MASTER'S DEGREE IN THEOLOGY. PLAINTIFF CO-STARTED THE MESSIANIC HEBREW CHURCH AND THE "RUSH-VILLE NEWSLETTER". THESE ACCOMPLISHMENTS HAVE ALSO TARGETED THE PLAINTIFF BY THE DEFENDANTS.

89. THE DEFENDANTS HAVE TOLD THE PLAINTIFF "STOP DOING LEGAL WORK AT THE "TDF" OR YOU WILL NEVER GET OUT".

90. DEFENDANT LODGE HAS RETALIATED IN MANY WAYS. DENYING THE PLAINTIFF A MEDICAL NEEDED LARGER CELL BASED ON NECESSITY AND NEEDS. THE ADDITIONAL FLOOR WAS NEDDED TO PERFORM EXERCISES RECOMMENDED BY THE PHYSICAL THERA-PIST AND REFERRED BY ON-SITE DOCTOR MARKOWITZ. PLAINTIFF HAS UNDERGONE LEFT HIP SURGERY/L-4/L5 SPINAL SURGERY AND IN AUGUST OF 2018 SPINAL SURGICAL PROCEDURE ON A "BULDGING DISC". BEING FREELY ABLE TO PERFORM THE EXERCISES IN THE MORNING MINIMIZED THE PAIN THROUGHOUT DAY. THERE WAS NO FACILITY NEED TO MOVE THE PLAINTIFF JUST RETALIATION AND HARRASSMENT TO CAUSE THE PLAINTIFF PHYSICAL PAIN. PLAINTIFF ALSO HAS ARMED PLASTIC CHAIR AND TOILET RISER WHICH TAKES UP SPACE IN THE JUVENILE-FITTED CELL.

91. AS STATED ON SITE DR. MARCOWITZ SENT ORDER TO LODGE AND LODGE REFUSED TO FOLLOW THE DOCTOR'S ORDER ON AUGUST 13, 2018.

92. THE AVAILABLITY FOR A LARGER CELL HAS BEEN OPENED ON THE SAME POD AS THE PLAINTIFF SINCE THE PLAINTIFF MOVED ON THIS POD, ON AUGUST 2018.

93. WHEN THE PLAINTIFF ASKED LODGE WHY ARE YOU DENYING THE DOCTORS ORDER? HER REPLY WAS "THE DOCTOR DOES NOT RUN ROOMING" AND "WHY SHOULD I DO ANYTHING FOR YOU? SUE ME!

94. I TOOK THAT COMMENT AS "BECAUSE YOU SUE ME" YOU GOT NOTHING COMING" PAULA LODGE'S RETALIATION IS NOW PHYSICALLY HURTING ME BY HER DELIBERATE INDIFFERENCE TO MY MEDICAL NEED.

95. LODGE HAS ALSO DENIED THE PLAINTIFF TREATMENT TASKS STATING AND AGREE-ING WITH OTHER STAFF ""THAT THE REASON TO DENY THE PLAINTIFF TREATMENT TASKS BECAUSE "THE PLAINTIFF'S ALTERNATIVE MOTIVE IS AN ATTEMPT TO FIND LEGAL VIOLATIONS". LODGE'S DECISION BEING BLUE TEAM LEADER IS RETALIATION.

96. ONE WOULD THINK THAT IF STAFF WAS VIOLATING THE LAW ADMINISTRATION WOULD WANT TO KNOW ABOUT IT BUT INSTEAD DENY THE PLAINTIFF TREATMENT AND REHABILATION BECAUSE OF IT.

97. IT BECAME MORE EVIDENT THAT DEFENDANTS TEEL AND WATSON CONFRONTED THE PLAINTIFF ABOUT TAKING NOTES IN A GROUP THAT A FEW RESIDENTS WERE CONCERNED THAT I TAKE NOTES. I INFORMED THESE FACILATORS THAT IT IS A POSITIVE THING TO TAKE NOTES, THEY DO. THESE GROUP MEMBERS THEN CONFRONTED THE PLAINTIFF ABOUT TAKING NOTES. THE PLAINTIFF STATED THAT IT IS THE OTHER RESIDENT ATTEMPTING TO USE "POWER AND CONTROL" OVER THEM AND THE PLAINTIFF.

98. DEFENDANT TEEL AND WATSON TOLD THE PLAINTIFF TO LEAVE THE GROUP. TEEL STATED TO THE PLAINTIFF "THAT YOU ARE SELFISH AND LACK EMPATHY FOR YOUR GROUP MEMBERS". THE PLAINTIFF WAS SINGLED OUT AGAIN. THIS ACTION BY TEEL AND WATSON WAS A DEPARTURE OF PROFESSIONAL JUDGEMENT.

99. THE PLAINTIFF WAS QUESTIONED BY ASST CLINICAL DIRECTOR SHARLENE CAR-AWAY WHY THE PLAINTIFF WAS IN THE LAW LIBRARY AND ALCOHOL ANONYMOUS MEET-WUTH MR. CRAIG CHILDRESS. IN ADDITION SETTING UP THE MESSIANIC CHURCH WITH MR. CHILDRESS. THREE POSITIVE THINGS CHURCH/A/A/AND LEARNING LAW. CARAWAY'S ACTIONS SOLE PURPOSE TO PUNISH AND NOT TREAT.

100. MR. CHILDRESS HAD PREVIOUSLY SUED SHARLENE CARAWAY.

101. I WONDER WHY DEFENDANT CARAWAY WOULD HAVE A PROBLEM WITH POSITIVE ASPECTS IN MY LIFE AS CHURCH,A/A, AND LAW LIBRARY??????????????????????.

102. I AM SIXTY YEAR OLD HETEROSEXUAL MAN. I BELIEVE JESUS CHRIST DIED FOR MY SINS. I DID NOT "ATTEMPT"TO SEXUALLY ASSAULT EITHER WOMAN IN 1993 COOK COUNTY CASE MS. CHRISTINE BRICE OR IN 2000 WITH MS.TAMMY CLARK BOTH CASES ARE FILLED WITH POLICE AND PROSECUTORIAL MISCONDUCT. I HAVE TAKEN FULL RESPONSIBILITY.

103. I WAS A BUSINESS MAN AND WHEN I GOT LOCKED UP, MY WIFE WAS PREGNANT WITH OUR DAUGHTER. ACCEPTING CHRIST IN MY LIFE THE CHANGES BEGAN. I DEALT WITH A COCAINE ADDICTION. THAT TREATMENT CAME THROUGH THE WORD OF GOD. THIS IS WHY I STUDIED THE "WORD OF GOD" AND IS WHY I AM GOING TO OBTAIN MY "MASTER'S DEGREE"IN THEOLOGY. I RECENTLY HAVE BEEN ACCEPTED AT AN OUTSIDE MISSION TO LIVE AND WORK AT THE HOME IF I WAS TO LEAVE HERE.

104. THE DEFENDANTS HAVE THREATENED ME SO MANY TIMES ABOUT BRINGING UP GOD AT"IDHS/TDF". I SHOULD NOT BE "YOKED" TOGETHER WITH UNBELIEVERS.THIS IS FORBIDDEN IN GOD'S WORD "MATTHEW 5:33-37,2CORR. 6:14. BELIEVERS CANNOT BELONG TO SUCH GROUPS WITHOUT COMPRISING CHRISTRIAN DOCTRINE. 2 PETER 3:16, GODLY STANDARDS SEPARATION FROM THE WORLD AND LOYALTY TO CHRIST. Matthew 6:24.

105. CARAWAY SAT ON FOUR BEHAVIOR COMMITTEES WRITTEN BY NON-CLINICAL STAFF. TICKET WRITTEN ABOUT PLAINTIFF WEARING SWEAT PANTS THAT WERE PURCHASED AS "CARGO PANTS". PLAINTIFF HAS HAD THESE PANTS FOR OVER SIX YEARS. CARAWAY FOUND PLAINTIFF GUILTY. THERE IS NO NAMES OF THE WRITTER OR THE ACCUSER ON THESE BEHAVIOR REPORTS. THREE TICKETS WERE WRITTEN ABOUT THE PLAINTIFF'S CHURCH. CARAWAY FOUND ME GUILTY IN ALL THREE BEHAVIOR REPORTS. DENYING DUE PROCESS AND INTERFERING WITH MY RIGHTS AND TENETS OF THE MESSIANIC HEBREW CHURCH.

106. THESE BEHAVIOR REPORTS END UP WITH ATTORNEY GENERAL'S OFFICE TO FORM AN ANTI-SOCIAL PERSONALITY DISORDER WITH STATE EVALUATORS AS STATED IN PARAGRAPH "45" OF THIS COMPLAINT.

107. CARAWAY MADE NEW RULES UP STATING THAT THE PLAINTIFF MUST PAY FOR ALL PEOPLE WHO ATTEND THE MESSIANIC CHURCH. ONLY EIGHT PEOPLE PAID FOR FOODBECAUSE THEY ALWAYS SHOW UP FOR WEEKLY SABBATH SERVICE. CARAWAY STATED THAT THERE WAS TWENTY SIX THAT APPEARED ONLY FOR FOOD AND FOUR OF THOSE RESIDENTS DID NOT GET FED BY THE PLAINTIFF.

108. DEFENDANT LODGE STATED TO THE PLAINTIFF THERE ARE CONSEQUENCES TO FILING LAWSUITS.

109. THE DEFENDANTS HAVE SHOWED THE CONSEQUENCES-NO TREATMENT. BEHAVIOR REPORTS. INTERFERRING WITH PLAINTIFF'S MESSIANIC RELIGION. WHEREFORE THE DEFENDANTS LODGE,TEEL,SIMMONS,SISTO CARAWAY AND THE DOES UPON DISCOVERY HAVE VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHT TO THE PLAINTIFF'S FIRST AND FOURTEENTH AMENDMENTS OF U.S. CONSTITUTION.

*The Word Condemnation in the context of Romans 8:1 can mean: Penal Servitude / Punishment following sentence.*

## PRAYER FOR RELIEF

WHEREFORE PLAINTIFF RESPECTIVELY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF THE FOLLOWING:

A. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINITT'S RIGHTS UNDER THE CONSTITUTION OF THE UNITED STATES.

b. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS PAULA LODGE, JOHNATHAN WATSON, TAMMY TEEL AND CASSANDRA SIMMONS TO STOP DENYING THE PLAINTIFF ADEQUATE TREATMENT AND RETALIATING IN ADDITION OF TIME FOR THE DURATION FOR COMPLETION OF THIS PROGRAM. ADDING SISTO AND SHARLEM CARAWAY.

C. COMPENSATORY DAMAGES IN THE AMOUNT OF FIFTY THOUSAND (50,000.00) DOLLARS AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY.

D. PUNITIVE DAMAGES IN THE AMOUNT OF FIFTY THOUSAND (50,000) DOLLARS AGAINST EACH DEFENDANT TO DETER ANY OTHER CONDUCT SIMILAR ACTION.

E. A JURY TRIAL ON ISSUES TRIABLE BY JURY.

F. PLAINTIFF'S COSTS IN THIS SUIT.

DATE: 6.10.19

RESPECTFULLY SUBMITTED;

*Thomas Powers*
THOMAS POWERS
17019 COUNTY FARM ROAD
RUSHVILLE ILLINOIS 62681
217-322-3204

SUBSCRIBED AND SWORN TO BEFORE ME
ON THIS Oct DAY OF 30 2018.

*Sandra J Hays*
NOTARY PUBLIC

SANDRA J HAYS
Official Seal
Notary Public - State of Illinois
My Commission Expires Aug 31, 2019

*Subscribed and Sworn to Before me on this June 10th 2018*

*Notary Public*

## VERIFICATION

I HAVE READ THE FOLLOWING COMPLAINT AND HERBY VERIFY THAT THE MATTERS ALLEDGED THEREIN ARE TRUE EXCEPT AS TO MATTERS ON INFORMATION AND BELIEF AND AS TO THOSE I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED AT RUSHVILLE ILLINOIS ON June 10, 2019

*Misty D Nieman*

OFFICIAL SEAL
MISTY D NIEMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 12/07/22

*Thomas Powers*
THOMAS POWERS

(14)



**UNITED STATES DISTRICT COURT**
CENTRAL DISTRICT OF ILLINOIS
OFFICE OF THE CLERK

# RUSHVILLE
## SCANNING COVER SHEET

**Notice – Please read and carefully follow these instructions.**

1. Each pleading must have this cover sheet on top.
2. Each pleading must be legible. Typed, double-spaced pleadings are preferred.
3. All pages must be numbered.
4. Each pleading must be scanned separately as one complete document. A pleading may not be scanned page by page. If the pleading is more than 25 pages, then the pleading must be scanned and submitted in multiple emails with a maximum size of 25 pages. The subject line of each email should specify the range of pages included within. (For example, a 40 page pleading would be broken into 2 emails, the first with a subject line "Email 1 of 2 – Pages 1-25" and the second with a subject line of "Email 2 of 2 – Pages 26-40".)
5. Discovery requests and responses are not filed with the Court unless they are part of a motion to compel. Discovery requests and responses shall not be electronically filed per Local Rule 26.3. However, a Certificate of Service may be scanned stating you have served your discovery documents on the other parties in the case.
6. Only lines and boxes included on this form should be filled out. Do not provide any other information regarding your pleading on this Scanning Cover Sheet.

**Please complete the following (Print):**

Date: _6/10/19_

Name: _Powers vs Cnaway et al_

Case Number: _New Complaint_    ☐ (Check here if this is a new case)

**Type of Pleading (Check only one):**

☐ Motion / Petition
☐ Response / Reply
☐ Other (Specify) _Civil Rights Action_
                 _Motion To Appoint Counsel_

Title of Pleading: _Application to Sue or Defend As a Poor Person_
(For Example, "Motion to Compel" or "Response to Summary Judgment")

Number of Pages for this Pleading (Not including Scanning Cover Sheet): _19_